In the Matter of RONALD CROWLEY, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.

Fourth Department, January 14, 1977

*William H. Gage (Paul J. Ginnelly* of counsel), for petitioner.

*Furtch, Oudemool & McAllister (Theodore F. Furtch* of counsel), for respondent.

*Per Curiam.* Respondent was admitted to the practice of law by this court in November, 1951. This proceeding was commenced on March 17, 1976 and a supplemental petition was served on May 12, 1976. Respondent is charged with four specifications of professional misconduct as follows:

First specification—Respondent undertook to represent one Peter Merluzzi in filing a petition in bankruptcy, that he failed to do so after receiving the filing fee from his client and that he misled his client by misrepresenting the status of the matter. As a result of respondent's neglect, Mr. Merluzzi's wages were garnisheed and he sustained a loss of $1,496.86.

Second specification—Respondent was retained by one Mr. Paralto in 1970 to handle the estate of his deceased wife and Mr. Paralto paid respondent $480 for estimated taxes on the estate. Respondent claimed to have received the money partly as a retainer and to have paid $177.41 for taxes, but he failed

to pay the taxes and misrepresented the status of the proceedings to his client.

Fourth specification—Respondent represented purchasers in two transfers of premises owned by Kathryn Bissell, the first purchase by land contract by one Fox in 1964 and the second purchase by assumption of the Fox Lane contract by Mr. & Mrs. Sullivan in 1969; that respondent accepted fees from both Fox and the Sullivans and undertook to represent them in completing the transfers but that he failed to obtain executed conveyances for the premises to his clients; that the respective purchasers paid installments on the purchase prices and taxes on the property for several years relying upon his misrepresentations that the transfers had been completed.

The third specification charges that respondent failed to cooperate with the Grievance Committee of the Onondaga County Bar Association in the investigation of these complaints.

The Referee has found the facts alleged in the petitions to be true, and his report is confirmed.

Respondent violated canons 6 and 7 of the Code of Professional Responsibility in that he neglected legal matters entrusted to him and failed to carry out contracts of employment to the damage of his clients; canon 9 of the Code of Professional Responsibility in that he failed to preserve the identity of funds and property of his client, Mr. Paralto, as required by subdivisions (A) and (B) of rule DR 9-102 of the Disciplinary Rules; and respondent has failed to co-operate with the Grievance Committee.

After these proceedings were commenced, respondent made full restitution to his clients for their damages and obtained releases from them.

Prior to the matters recited in the specifications respondent for a period of many years was an honorable practitioner. Considering this fact we suspend respondent from the practice of law for a period of one year and until the further order of this court.

MARSH, P. J., MOULE, DILLON, GOLDMAN and WITMER, JJ., concur.

Order of suspension entered.